**United States District Court**
**Central District of California**
**\*\*AMENDED JUDGMENT\*\***

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    CR 20-00264-FMO |

**Defendant**    GEOFFREY ELDRIDGE HULL

akas:    Hill, Geoff E.; Hull, Geoff E.; Bluthenthal, Jeff; Hulle, Geoffrey; Eldridge, Jefrii; Eldrige, Geoff; Eldredge, Geoff; H., Jeff; Hall, Jeff; Davis, Seth

**Social Security No.**  2   7   0   7

(Last 4 digits)

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 03 | 06 | 2026 |

**COUNSEL**    **Ian Michael Wallach and Jovan L. Blacknell, Retained Counsel**
(Name of Counsel)

**PLEA**    [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Count 1:  18 U.S.C. § 1343, Wire Fraud

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **TWO (2) MONTHS.**

It is the judgment of the court that defendant is sentenced on Count One (1) of the Indictment for a total sentence of **twenty-four (24) months**. Pursuant to 18 U.S.C. §§ 3583(d), (e)(4), and U.S.S.G. § 5F1.2, the sentence shall be split as follows: **two (2) months in BOP custody, and twenty-two (22) months of home confinement** as a special condition of supervised release.

Defendant shall be placed on supervised release for a total term of three (3) years, under the following terms and conditions:

1.    Defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04, including the conditions of probation and supervised release set forth in Section III of Second Amended General Order 20-04.

2.    Defendant shall refrain from the use of alcohol and shall submit to breathalyzer testing, not to exceed eight (8) tests per month, to determine if defendant has consumed alcohol.

3.    Defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. Defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4.    Defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer.

USA vs.   GEOFFREY ELDRIDGE HULL                                    Docket No.:    CR 20-00264-FMO

5.      During the period of community supervision, defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

6.      Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than defendant's true legal name, nor shall defendant use, any name other than defendant's true legal name without the prior written approval of the Probation Officer.

7.      Defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving vehicle lease consignment programs without the express approval of the Probation Officer prior to engaging in such employment. Further, defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by  defendant, as directed by the Probation Officer.

8.      Defendant shall not be self-employed nor be employed in a position that does not provide regular pay stubs with the appropriate deductions for taxes, unless approved by the Probation Officer.

9.      Defendant shall cooperate in the collection of a DNA sample.

10.     Defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any other financial gains to the court-ordered financial obligation.

11.     Defendant shall submit his person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

12.     Defendant shall participate for a period of twenty-two (22) months in a home detention program which may include electronic monitoring, GPS, an alcohol monitoring unit, or an automated identification system, and defendant shall observe all rules of such program as directed by the probation officer.  During this period of home detention, defendant shall be restricted to his residence at all times except for: employment; education; religious services or gatherings; community service; medical appointments and procedures; all activities related to the care of his children and their mother, including their schooling, medical care, and activities; attorney visits; court-ordered obligations; and any other activities approved by Probation. The costs of location monitoring shall be borne by probation.

The court has entered a money judgment of forfeiture against defendant, which is hereby incorporated by reference into this judgment and is final.

Defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program, or during his supervision.  All fines

USA vs.   GEOFFREY ELDRIDGE HULL                                  Docket No.:   CR 20-00264-FMO

are waived as the court finds that defendant does not have the ability to pay a fine in addition to restitution.

Defendant shall pay restitution in the total amount of $1,717,994.71 pursuant to 18 U.S.C. § 3663A. The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| A.S. | $27,106.00 |
| B.E. | $6,360.00 |
| B.H. | $15,983.00 |
| B.B. | $20,010.30 |
| B.P. | $2,199.59 |
| C.A. | $23,677.60 |
| D.K. & L.W. | $4,248.36 |
| D.H. | $17,000.00 |
| F.F. | $17,333.00 |
| G.L. | $11,400.00 |
| J.H. | $14,285.10 |
| J.K. | $3,896.51 |
| J.W. | $2,426.90 |
| K.H. | $72,000.00 |
| K.D. | $7,132.25 |
| L.C. | $5,100.00 |
| M.T. | $4,500.00 |
| M.H. | $7,116.35 |
| M.M. | $18,502.20 |
| R.M. | $8,223.71 |
| R.G. | $4,641.49 |
| S.Z. | $5,998.00 |
| S.R. | $19,900.00 |
| T.C. | $9,108.54 |
| W.B. | $60,629.86 |
| Z.B. | $44,853.00 |
| G.C. | $19,332.90 |
| R.P. | $59,600.00 |
| J.B. | $10,992.60 |
| P.B. | $11,200.00 |
| J.H. | $20,000.00 |
| M.K. | $51,040.00 |
| N.P. | $98,208.20 |
| J.W. | $57,535.71 |
| BUSINESS VICTIM 1 | $168,763.39 |
| BUSINESS VICTIM 2 | $26,457.29 |
| BUSINESS VICTIM 3 | $623,880.29 |
| BUSINESS VICTIM 4 | $53,535.54 |

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross

USA vs.  GEOFFREY ELDRIDGE HULL                               Docket No.:    CR 20-00264-FMO

monthly income but not less than $200, whichever is greater, shall be made during the period of supervised release and shall begin 90 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.  If defendant makes a partial payment, each victim shall receive approximately proportional payment.  Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The above payment schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing all other means by which to satisfy all criminal debt obligations (including restitution) imposed by the court, including by referring the judgment debt to the Treasury Offset Program.  Pursuant to 18 U.S.C. § 3664(k): (a) defendant shall notify the court of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution within 30 days of the change in circumstances; and (b) the United States or a victim may also notify the court of such material change. Pursuant to 18 U.S.C. § 3664(n), if defendant receives substantial financial resources from any source, including inheritance, settlement, or other judgment, defendant shall be required to apply the value of such resources to any restitution still owed.  Either party may additionally move for modification of the restitution order as allowed or provided by law, including in accordance with the provisions of 18 U.S.C. § 3664(o).

Defendant shall surrender to the institution designated by the Bureau of Prisons at or before 12 noon, on **April 6, 2026.**  In the absence of such designation, defendant shall report on or before the same date and time, to the United States Marshal located at First Street U.S. Courthouse, 350 W. First Street, Suite 3001, Los Angeles, CA 90012.

The court recommends that defendant be designated to FCI Terminal Island, or at a facility within Southern California.  The court further recommends that the Bureau of Prisons conduct a mental health evaluation of defendant and provide all necessary treatment.

Defendant's bond will be exonerated upon self-surrender.

Upon motion by the government, Counts Two (2) through Six (6) are hereby dismissed.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

July 10, 2026
Date

U. S. District Judge
FERNANDO M. OLGUIN

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

July 10, 2026

Filed Date

By     */s/ Vanessa Figueroa*

Deputy Clerk

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.    GEOFFREY ELDRIDGE HULL                                    Docket No.:    CR 20-00264-FMO

☐    The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   GEOFFREY ELDRIDGE HULL                          Docket No.:   CR 20-00264-FMO

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date                                         Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____
Filed Date                                   Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
              Defendant                                    Date

_____                  _____
U. S. Probation Officer/Designated Witness          Date